# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KOREAN AMERICAN BROADCASTING COMPANY, INC., KM COMMUNICATIONS, INC., and KM LPTV OF CHICAGO-28, LLC, | )<br>)<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) No. 09 C 6665 |
| KOREAN BROADCASTING SYSTEM and KBS AMERICA, INC., | )<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION

Before the court is the motion of KBS America, Inc. to dismiss the Second Amended Complaint for improper venue pursuant to Rule 12(b)(3) or, in the alternative, to transfer the case pursuant to 28 U.S.C. § 1404. For the following reasons, the motion is denied.

## BACKGROUND

This is a diversity action brought by three affiliated plaintiffs. We granted in large part the motion of defendant KBS America, Inc. ("KBS") to dismiss the Second Amended Complaint. See Korean Am. Broad. Co. v. Korean Broad. Sys., No. 09 C 6665, 2011 WL 2436281 (N.D. Ill. June 9, 2011). The sole remaining claim is that of KM LPTV of Chicago-28, LLC ("Channel 28") against KBS in Count I for violation of the Illinois Franchise Disclosure Act. KBS now moves to dismiss the claim based on a forum-selection clause in the

alleged franchise agreement. In the alternative, KBS seeks a transfer of the case to the Central District of California.

## DISCUSSION

The Illinois Franchise Disclosure Act (the "Franchise Act" or "Act") provides a civil cause of action for damages caused by the termination of, or failure to renew, a franchise in violation of the statute. 815 ILCS 705/26. The Franchise Act states in relevant part:

> Nonrenewal of a franchise. It shall be a violation of this Act for a franchisor to refuse to renew a franchise of a franchised business located in this State without compensating the franchisee either by repurchase or by other means for the diminution in the value of the franchised business caused by the expiration of the franchise where:
> . . .
> (b) the franchisee has not been sent notice of the franchisor's intent not to renew the franchise at least 6 months prior to the expiration date or any extension thereof of the franchise.

815 ILCS 705/20. The statute defines a "franchise" as an agreement that has certain enumerated characteristics. 815 ILCS 705/3(1).

In our June 2011 opinion, we focused on the following paragraphs of the Second Amended complaint in finding that Channel 28 sufficiently states a Franchise Act claim against KBS:

> 61. There had been the agreements between KBS, KBS America and Channel 28, such as the first written agreement, the written agreement attached and the oral agreement upon expiration of the written agreement. Such agreements granted Channel 28 the right to engage in the business of distributing KBS and KBS America's services under a system prescribed in substantial part by KBS and KBS America.

> 62. The operation of Channel 28 was substantially associated with KBS and KBS America's intellectual property and commercial symbols designating the content as KBS'.
>
> 63. The payments made by Channel 28 to KBS and KBS America constituted franchise fees in excess of $500.00.
>
> 64. Accordingly, Channel 28 is a franchise of KBS and/or KBS America.

(Second Am. Compl. ¶¶ 61-64 (citations to exhibits omitted).) We stated: "[W]e will construe 'such' as meaning 'these,' and thus that Channel 28 is alleging that 3 agreements created a franchise: (1) the January 2005 agreement that is written in Korean, Exhibit 2 to the Second Amended Complaint; (2) the July 2005 agreement that is written in English, Exhibits 3 and 4 to the Second Amended Complaint (the 'Agreement'); and (3) the oral agreement alleged in paragraph 36 of the Second Amended Complaint." 2011 WL 2436281, at *2.

KBS contends that Channel 28's claim should be dismissed due to a forum-selection clause in the Agreement, which provides:

> <u>Governing Law; Jurisdiction</u>. This Agreement shall be governed by, construed and interpreted in accordance with the laws of the State of California, without giving effect to principles of conflicts or choice of law. The parties to this Agreement hereby submit to the exclusive jurisdiction of any state court sitting in Los Angeles County, California, or any federal court sitting in Los Angeles, California, in any action or proceeding arising out of or relating to this Agreement and waive, to the fullest extent they may do so, the defense of inconvenient forum to the maintenance of any such action or proceeding.

(Second Am. Compl., Ex. 3, at 11.)  According to KBS, the instant action arises out of the Agreement, and therefore, the forum-selection clause applies.

When jursidiction is based on diversity, as it is here, we apply the forum state's choice-of-law rules to determine the applicable substantive law.  See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941).  "Illinois respects a contract's choice-of-law clause as long as the contract is valid and the law chosen is not contrary to Illinois's fundamental public policy." Thomas v. Guardsmark, Inc., 381 F.3d 701, 705 (7th Cir. 2004).

Illinois has a strong public policy, reflected in the Franchise Act, of protecting Illinois residents "who have suffered substantial losses to franchisors."  See Flynn Beverage Inc. v. Joseph E. Seagram & Sons, Inc., 815 F. Supp. 1174, 1178 (C.D. Ill. 1993); 815 ILCS 705/2.  In pertinent part, the Act states: "Any provision in a franchise agreement that designates jurisdiction or venue in a forum outside of this State is void."  815 ILCS 705/4.

KBS argues that this provision does not apply because "[u]nder Illinois choice-of-law principles, even when a plaintiff alleges a [Franchise Act] claim, if the contract has an express choice-of-law and forum clause, then the chosen state's law applies and the case is transferred."  (Def.'s Mot. to Dismiss at 7.)  KBS cites two district court decisions for this proposition: Oakton Distributors, Inc. v. U-Line Corp., No. 06 C 1353, 2006 WL 2714695 (N.D. Ill.

Sept. 20, 2006), and Nardini v. Thrifty Rent-A-Car, Inc., No. 84 C 10233, 1987 WL 12166 (N.D. Ill. June 8, 1987). In Oakton, the court enforced a forum-selection clause in an alleged franchise agreement, reasoning that "if the choice-of-law clause kicks in, the [Franchise Act] never comes into play." 2006 WL 2714695, at *3. In Nardini, the plaintiffs argued that the Franchise Act rendered unenforceable a choice-of-law clause in a license agreement that specified that Oklahoma law would govern the contract. The court enforced the contract provision on the ground that that the Franchise Act provision that voids a designation of jurisdiction or venue in a forum outside of Illinois "says nothing about choice of law." 1987 WL 12166, at *3.

KBS fails to acknowledge Seventh Circuit case law to the contrary.[1] In Wright-Moore Corp. v. Ricoh Corp., 908 F.2d 128 (7th Cir. 1990), the Court considered a similar issue involving Indiana franchise law, which, the Court noted, is "almost identical" to Illinois franchise law. 908 F.2d at 136. The agreement in Wright-Moore was between a New York franchisor and an Indiana franchisee and contained a New York choice-of-law clause. The Court agreed with the district court that "enforcement of the choice of law provision in the distributorship agreement would be contrary to Indiana's express public policy," 908 F.2d at 132, and further explained:

---

[1] Oakton did not discuss Wright-Moore, and Nardini preceded it.

> The public policy, articulated in the nonwaiver provisions of the statute is clear: a franchisor, through its superior bargaining power, should not be permitted to force the franchisee to waive the legislatively provided protections, whether directly through waiver provisions or indirectly through choice of law. This public policy is sufficient to render the choice to opt out of Indiana's franchise law one that cannot be made by agreement.

Id. The Court also found that Indiana had a materially greater interest in the litigation than New York and held that Indiana franchise law governed the case.

The Seventh Circuit's reasoning in Wright-Moore applies here. Illinois has a strong public policy of protecting Illinois franchisees by overriding the Agreement's choice-of-law provision, and we concur with our colleagues who have relied on Wright-Moore in holding that this public policy invalidates contractual choice of law in the franchise context. See Franklin's Sys., Inc. v. Infanti, 883 F. Supp. 246, 250-51 (N.D. Ill. 1995) (holding that the Franchise Act applied notwithstanding the parties' contractual choice of Georgia law); Flynn, 815 F. Supp. at 1178 (applying the Franchise Act notwithstanding the parties' contractual choice of New York law); Hengel, Inc. v. Hot 'N Now, Inc., 825 F. Supp. 1311, 1316-17 (N.D. Ill. 1993) (holding that the Franchise Act "represents a fundamental policy" that invalidated contractual choice of Michigan law); see also To-Am Equip. Co. v. Mitsubishi Caterpillar Forklift Am., Inc., 152 F.3d 658, 662 (7th Cir. 1998) (citing Hengel for the proposition that "Illinois, like many other

states, has made it clear that parties cannot opt out of the coverage of the Act for Illinois franchisees"). The Franchise Act thus overrides the California choice-of-law in the Agreement and voids the forum-selection clause. KBS complains about Channel 28's "strategic decision" to bring a Franchise Act claim, Def.'s Mot. at 7, but at this stage of the proceedings, we are required to accept the plaintiff's version of events as true. See Faulkenberg v. CB Tax Franchise Sys., LP, 637 F.3d 801, 806 (7th Cir. 2011) (district court was required to accept plaintiffs' version of events as true, including its allegation that the franchise agreement concerned a franchise located in Illinois); Wright-Moore, 908 F.2d at 133 (applying the protections of Indiana franchise law while noting that plaintiff was "potentially" a franchisee).

KBS argues that even if we do not enforce the forum-selection clause, we should transfer this case to the Central District of California pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides that "a district court may transfer any civil action to any other district or division where it might have been brought" for the convenience of parties and witnesses and in the interest of justice. KBS relies largely on the Agreement's forum-selection clause and choice of California law as the basis for transfer, but we have found that the policy underlying the Illinois Franchise Act invalidates the Agreement's choice of law and forum. Channel 28 has chosen this forum, and the Franchise Act prohibits it from

contracting out of the Act's protections.  KBS has failed to persuade us that a discretionary transfer under § 1404(a) is appropriate.

## **CONCLUSION**

For the foregoing reasons, defendant KBS America, Inc.'s motion to dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(3) [68] is denied.  A status hearing is set for April 18, 2012 at 11:00 a.m.

DATE: March 29, 2012

ENTER: _____
John F. Grady, United States District Judge