09-6665.131-JCD								March 28, 2013

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KM LPTV OF CHICAGO-28, LLC, | ) )   ) |
| Plaintiff, | ) ) |
| v. | ) No. 09 C 6665 ) ) |
| KBS AMERICA, INC., | ) ) |
| Defendant. | ) ) ) |
| -------------------------------------- | |
| KBS AMERICA, INC., | ) ) |
| Counter-Plaintiff, | ) ) |
| v. | ) ) |
| KM LPTV OF CHICAGO-28, | ) ) |
| Counter-Defendant, | ) ) |
| and | ) ) |
| KBC-TV, WOCH CH 41 CHICAGO; KM COMMUNICATIONS, INC.; KOREAN AMERICAN BROADCASTING CO., INC.; KEVIN BAE; DONALD BAE; MYUNG HWA BAE; and SCOTT BAE, | ) ) ) ) ) ) |
| Third-Party Defendants. | ) |

**MEMORANDUM OPINION**

After we granted in large part the motion of defendant KBS America, Inc. ("KBS") to dismiss the Second Amended Complaint, the sole remaining claim was that of plaintiff KM LPTV of Chicago-28,

- 2 -

LLC ("Channel 28") against KBS in Count I for violation of the Illinois Franchise Disclosure Act. KBS then asserted a counterclaim against Channel 28 for breach of contract and copyright infringement, and it also asserted copyright-infringement claims against third-party defendants KM Communications, Inc. ("KM"); Korean American Broadcasting Company, Inc. ("KABC"); KBC-TV, WOCH CH 41 Chicago ("Channel 41"); and "the owners, managers and/or officers of any and all of these entities, including but not limited to Kevin Bae, Myung Hwa Bae, Donald Bae, [and] Scott Bae . . . ." (Countercl. and Third-Party Compl. ¶ 4.)[1]

Before us are two motions: (1) the motion of Channel 28 to dismiss the counterclaim pursuant to Rule 12(b)(6); and (2) the motion of the third-party defendants to dismiss the third-party complaint pursuant to Rule 12(b)(6).[2] For the following reasons, Channel 28's motion is denied, and the third-party defendants' motion is granted in part and denied in part.

**DISCUSSION**

Under federal notice-pleading standards, a complaint need not contain "detailed factual allegations," but it must have more than mere "labels and conclusions." Bell Atl. Corp. v. Twombly, 550

---

[1] Channel 28 and the third-party defendants appear to be affiliated; they are all represented by the same counsel.

[2] Channel 41, Kevin Bae, Myung Hwa Bae, Donald Bae, and Scott Bae have filed the same motion five times. We will rule on the first motion and terminate the other four as duplicative. The reply brief indicates that the remaining two third-party defendants, KM and KABC, join the motion.

U.S. 544, 555 (2007). The complaint must contain sufficient facts to raise a plaintiff's right to relief above a "speculative" level, id. at 555, and the claim must be "plausible on its face," id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

**A.     Breach of Contract (Count I)**

In Count I of its counterclaim, KBS alleges that Channel 28 failed to pay licensing fees for KBS World programming in 2009 and provided that programming to third parties without KBS's consent, therefore breaching the terms of a Broadcast License Agreement ("BLA") that KBS and Channel 28 entered into on July 20, 2005. Channel 28 argues that Count I of KBS's counterclaim should be dismissed because KBS "judicially admits in its Answer to the Second Amended Complaint that upon the July 19, 2008 termination of the BLA, there was no license agreement," Mot. at 2, and because KBS has taken the position in earlier filings in this case that the BLA was "good only for the 3-year term from July 20, 2005 through July 19, 2008," Reply at 4 (emphasis omitted).

We are unpersuaded. KBS's position throughout this litigation has been that the BLA expired after its three-year term, but that KBS "grant[ed]" Channel 28 "several months-long extensions" of that contract. (E.g., Def.'s Mot. to Dismiss First Am. Compl. at 1

- 4 -

(Feb. 26, 2010).) Channel 28 relies on KBS's denial of the following allegation in paragraph 36 of the Second Amended Complaint: "Once the written agreement . . . expired on July 19, 2008, KBS America and Plaintiffs 'orally' agreed to continue to distribute and broadcast KBS America content in consideration of the $7,000.00 monthly fee, provided that once Plaintiffs obtain basic cable channel [sic], that fee be waived." It is clear that KBS was denying that the parties orally agreed to the terms that are alleged; it was not admitting that "there was no license agreement" after July 2008. Indeed, in the very same document, KBS alleges in its counterclaim what it has alleged since the outset of the case--that the BLA was extended through October 2009.

We also reject Channel 28's argument that KBS's alleged damages are not supported by the BLA. It is not evident from the pleadings that KBS's damages cannot exceed $35,000, as Channel 28 asserts. Channel 28 presumes that KBS is seeking only five months' worth of license fees, but that is not what the counterclaim alleges. Channel 28's motion will be denied as to Count I.

**B.    Copyright Infringement (Count II)**

KBS alleges in Count II that it owns registered copyrights in several KBS World television programs, including "2009 Korean Ghost Stories," "Jolly Widow," "Love and Obsession," and "The Great King Sejong." (Countercl. and Third-Party Compl. ¶¶ 20-21, 45.) It is alleged that in May 2008, Channel 28 entered into a Retransmission

- 5 -

Consent Agreement with AT&T Services, Inc. ("AT&T") pursuant to which Channel 28 granted AT&T the right to retransmit KBS World programming on AT&T's multichannel video programming distribution system.  (Countercl. and Third-Party Compl. ¶¶ 29-30.)  According to KBS, Channel 28 and the third-party defendants have, "on their own or by conspiring with each other," infringed KBS's rights to reproduce and distribute the copyrighted works by "distribut[ing] and supply[ing]" and "provid[ing]" this content to AT&T.  (Countercl. and Third-Party Compl. ¶¶ 3-4, 31, 33-35, 46.)  It is also alleged that Channel 28 and the third-party defendants "continuously authorized AT&T to distribute and broadcast KBS World programming without authorization from KBS America from September 2008 [t]o October 22, 2009" and that "[e]ach distribution and broadcast of KBS World programming was a continuous violation of the copyrights owned by KBS America."  (Countercl. and Third-Party Compl. ¶ 48.)

Channel 28 and the third-party defendants contend that Count II fails to state a claim for copyright infringement because there are no allegations that AT&T ever received and broadcasted the Programming at issue or how and when it did so, or "that any Third-Party Defendant was a party to" the alleged retransmission agreement, nor are there any allegations regarding "how each Third-party Defendant was involved in providing AT&T with the Programming at issue."  (Third-Party Defs.' Mem. in Supp. of Mot. at 2; Channel

- 6 -

28's Mem. in Supp. of Mot. at 7.) KBS responds that it has expressly alleged "direct involvement" by each of the defendants in copyright infringement and that additionally, "the officers and directors of Channel 28, KM, KABC and Channel 41 may be held liable in their individual capacity as contributory infringers for the corporate entities' copyright infringement." (KBS's Opp'n at 8-9.)

KBS has sufficiently alleged that Channel 28 has directly infringed its copyrights by distributing copies of KBS's copyrighted works to AT&T. To state a claim for direct infringement, it is not necessary that KBS allege that AT&T ever broadcast the programs that Channel 28 allegedly distributed to AT&T. If KBS were asserting a theory of contributory infringement as a result of any broadcast by AT&T, it *would* be necessary for KBS to allege that AT&T infringed KBS's copyright, but it does not appear that KBS is attempting to allege that sort of theory of contributory infringement. Channel 28's motion will be denied as to Count II.

The allegations with respect to the third-party defendants, however, fail in part to adequately put those defendants on notice of the manner in which they have allegedly infringed KBS's copyrights. KBS has sufficiently alleged that these parties *directly* infringed its copyrights by distributing the programming to AT&T; it is not necessary that KBS allege that the third-party defendants were parties to the retransmission agreement. (Whether

it will be able to prove direct infringement by these parties--that they personally distributed copies of the programs to AT&T--is another issue.)  But KBS has failed to sufficiently allege any claims based on secondary liability for infringement, which it might be attempting to do; we are unsure.  KBS mentions in its response brief the possibility of contributory infringement, yet the third-party complaint is vague because it merely hints at such theories.  For instance, the third-party complaint identifies each individual third-party defendant as an "owner, agent, member, or officer of Channel 28" and alleges that each of them acted intentionally and willfully. (Countercl. and Third-Party Compl. ¶¶ 11-14, 50.)  These allegations, when read together with KBS's response brief, seem to indicate that KBS is confusing the distinct elements of contributory and vicarious infringement.  KBS's counsel should familiarize themselves with those elements.  Count II of the third-party complaint will be dismissed without prejudice, and KBS will be given leave to file an amended counterclaim/third-party complaint that alleges its copyright claims with more precision. KBS should set forth, with respect to each third-party defendant, whether it is alleging direct, contributory, or vicarious copyright infringement, or some combination of these claims, as well as their factual bases.

- 8 -

## **CONCLUSION**

For the foregoing reasons, the motion of KM LPTV of Chicago-28 to dismiss the counterclaim [95] is denied, and the motion of the third-party defendants to dismiss the third-party complaint [116] is granted in part and denied in part. Count II of the third-party complaint is dismissed without prejudice, and KBS America, Inc. is given until April 12, 2013 to file an amended counterclaim and third-party complaint that more particularly states its copyright claims, as discussed above. Channel 28 and the third-party defendants may file answers by April 26, 2013. The remaining motions of the third-party defendants [118, 120, 122, 124] are terminated as duplicative of motion #116.

A status hearing is set for May 1, 2013 at 11:00 a.m. to set a date for trial.

DATE: March 28, 2013

ENTER: _____

John F. Grady, United States District Judge